# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EMILIO GARCIA-ALVAREZ, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:10-CR-459-WSD-JSA |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-3201-WSD-JSA |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant Emilio Garcia-Alvarez has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. 21). Movant seeks to challenge the constitutionality of his sentence, which was imposed on March 8, 2011, following a guilty plea entered in the Northern District of Georgia. (Docs. 12, 16). For the reasons that follow, the undersigned **RECOMMENDS** that the instant § 2255 motion to vacate [Doc. 21] be **DENIED**.

I.  Procedural History

On October 26, 2010, a grand jury in the Northern District of Georgia returned a one-count indictment against Movant, which charged him with illegal re-entry into the United States by an aggravated felon, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Doc. 1). Movant entered a non-negotiated guilty plea on

January 3, 2011. (Doc. 12, Attach. 1; Doc. 23). On March 8, 2011, Movant was sentenced to forty-eight (48) months of imprisonment, to be followed by three years of supervised release. (Doc. 16; Doc. 24 at 24). Movant did not file a direct appeal of his conviction and sentence.

Movant executed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on September 14, 2011, and it was filed in this Court on September 19, 2011. (Doc. 21). As far as the Court can glean, Movant raised the following claims:

(1) he received ineffective assistance of counsel when counsel failed to:

    (a) object to the criminal history points assigned to Movant in the pre-sentence investigation report ("PSR");

    (b) explain or read the PSR to Movant;

    (c) object to the offense level;

    (d) challenge certain facts in the PSR; and

    (e) convince the Court to vary downward; and

    (f) failing to file an appeal on Movant's behalf;[1] and

---

[1] While Movant did not explicitly raise this particular ground for relief in the original § 2255 motion, in response to whether the motion was timely filed, he indicated that "[t]he only reason I don't follow [sic] for an appeal on time is because my lawyer and I don't have attorney-client communication." (Doc. 1 at

2

(2) the sentence imposed exceeds the maximum sentence allowed.

(Doc. 21). As to all claims, Movant requested that this Court vacate his sentence.

This Court held a limited evidentiary hearing on August 15, 2012, at which Movant and his former attorney, Suzanne Hashimi, testified. (Docs. 32, 33). Following the evidentiary hearing, counsel for Movant and the Government filed briefs addressing the issue whether Ms. Hashimi was ineffective for failing to file an appeal on Movant's behalf. Movant also filed a motion for leave to appeal. (Doc. 35).

---

12). Based on the ambiguity of this statement, U.S. Magistrate Judge C. Christopher Hagy entered an order on March 1, 2012, instructing Movant to amend the motion by answering (yes or no to) the following three questions with regard to that statement: (1) did you intend to add an additional ground or grounds for relief; (2) did you mean to state that you asked your attorney to file an appeal and she did not do so; and (3) did you mean to state that your attorney did not consult with you about your appellate rights? (Doc. 27 at 2).

This case was reassigned to the undersigned on June 4, 2010. At that time, Movant had not responded to Judge Hagy's March 1, 2012, Order but the docket lacked confirmation that the mailing was, in fact, sent to Movant. Under the circumstances, the undersigned appointed counsel for Movant and set an evidentiary hearing on the limited issues of whether counsel was ineffective for failing to file an appeal on Movant's behalf and for failing to pursue a potentially meritorious challenge to the calculation of Movant's criminal history score. (Doc. 28). At the hearing, Movant's counsel withdrew the second claim. (Doc. 33, at 6).

3

On October 22, 2012, U.S. District Court Judge William S. Duffey, Jr. entered an Order in which he summarized the evidence presented at the evidentiary hearing. (Doc. 37). Judge Duffey found that because the record lacked sufficient specifics about the nature and substance of the discussions between Ms. Hashimi and Movant regarding his appellate rights and/or whether a reasonable effort was made to determine whether Movant wished to appeal, the preferred course was to provide Movant an opportunity to appeal his sentence. (*Id.* at 10-11). As such, pursuant to the procedure set forth in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), Judge Duffey vacated and reimposed Movant's sentence, and advised him of his appellate rights. (Doc. 37 at 11-12). Because Movant was granted an out-of-time appeal, his remaining § 2255 claims were dismissed without prejudice to being raised again on appeal or following his appeal. (*Id.* at 12).

Soon after Judge Duffey entered that Order, Movant, through counsel, filed a motion to withdraw his request to appeal. (Doc. 38). The undersigned held a limited evidentiary hearing on November 15, 2012, during which Movant, Movant's attorney, and an interpreter were present, and determined that Movant's decision to forego his appeal was made knowingly and voluntarily. (Doc. 40). As such, the undersigned **RECOMMENDS** that the Order granting an out-of-time

4

appeal [Doc. 37] be **VACATED**. Accordingly, the undersigned must now dispose of the remaining claims.

II.     Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present

5

"exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

III. <u>Discussion</u>

    A. <u>Claims Outside the Scope of the Limited Evidentiary Hearing</u>

The Government contends that Movant's ineffective assistance of counsel claims are without merit and that he procedurally defaulted his claim that the sentence imposed exceeds the maximum allowed. The undersigned agrees.

        1. <u>Movant Has Not Demonstrated That He Received Ineffective Assistance of Counsel.</u>

Movant claims that his counsel was ineffective because she failed to: challenge his criminal history points, offense level, and certain facts in the PSR; explain or read the PSR to him; and convince the Court to vary downward. The standard for evaluating ineffective assistance of counsel claims was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Green v. Nelson*, 595 F.3d 1245, 1239 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687). To establish deficiency, a petitioner is

6

required to establish that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688)). To establish prejudice, a petitioner must prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Allen v. Secretary, Fla. Dep't of Corr.*, 611 F.3d 740, 750 (11th Cir. 2010). The court may "dispose of [the] ineffectiveness [claim] on either of its two grounds." *Atkins v. Singletary*, 965 F. 2d 952, 959 (11th Cir. 1992); *see Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

The *Strickland* standard also applies to claims of ineffective assistance of counsel on appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Temple v. Morton*, No. 06-15061, 2007 WL 2141823, at *2 (11th Cir. July 27, 2007). To succeed on a claim of ineffective assistance of appellate counsel, as on a claim of ineffective assistance of trial counsel, a petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

7

First, Movant has not demonstrated that counsel was ineffective for failing to challenge his criminal history points.[2] Indeed, Movant was assessed only three criminal history points for his 1996 drug and firearm convictions, which placed him in Criminal History Category II under the United States Sentencing Guidelines ("USSG"). (PSR, ¶¶ 22-23). Under USSG 4A1.1(a), three criminal history points are to be assessed for any prior conviction where the term of imprisonment exceeds one year and one month. *See* USSG 4A1.1(a). Because Movant was sentenced to a term of 138 months for his 1996 convictions, he was properly assessed three criminal history points.[3] Thus, Movant's counsel was not ineffective for failing to raise a meritless claim challenging this correct calculation. *See Burgess v. McNeil*, 357 F. App'x 206, 212 (11th Cir. 2009) (holding that counsel cannot be ineffective for failing to raise a meritless claim); *Freeman v. Attorney General, Fla.*, 536 F.3d

---

[2] While Movant's counsel chose not to pursue this claim during the evidentiary hearing, the undersigned will address its merits out of an abundance of caution.

[3] Movant did not receive any criminal history points for his 1994 conviction of carrying a pistol without a license because he received twelve months to serve, suspended upon payment of a $120 fine. (PSR, ¶ 21). *See* USSG § 4A1.2, comment (n.4). ("A sentence which specifies a fine or other non-incarcerative disposition as an alternative to a term of imprisonment . . . is treated as a non-imprisonment sentence.").

8

1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim[.] . . ."). For that same reason, Movant cannot show that he was prejudiced by any such failure on the part of counsel to challenge the criminal history points assessed against him in the PSR. *See Lockhart v. Fretwell*, 506 U.S. 364, 374 (1993) ("the court making the prejudice determination may not consider the effect of an objection it knows to be wholly meritless under current governing law. . . .") (O'Connor, J., concurring); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (". . .[A] lawyer's failure to preserve a meritless issue plainly cannot prejudice a client.").

Movant also cannot demonstrate that counsel was ineffective for failing to challenge his offense level. Under USSG § 2L1.2(a) – the guideline for illegal re-entry into the United States by an aggravated felon in violation of 8 U.S.C. §§ 1326(a) and (b)(2) – suggests a base offense level of 8. (PSR, ¶ 11; USSG § 2L1.2(a)). Under USSG § 2L1.2(b)(1)(A)(i), the guidelines increase the base offense level by sixteen levels where, as here, a defendant was previously deported after being convicted of a drug trafficking or firearms offense. (PSR, ¶¶ 16; USSG § 2L1.2(b)(1)(A)(i)(iii)). Pursuant to these guidelines, Movant was assigned a base offense level of 8, with a sixteen-level adjustment for his illegal re-entry into the

9

United States, for a total offense level of 24. (PSR, ¶ 16). With a three-level reduction for acceptance of responsibility, Movant's total offense level was 21. (*Id.* at ¶¶ 17-18; Doc. 25 at 3).

During the plea colloquy, Movant admitted under oath that: (1) he was previously convicted in this Court of drug trafficking and a firearms offense; (2) after that conviction, he was deported in 2001; (3) he understood that he was not supposed to re-enter the United States without permission; and (4) he knew that when he did re-enter the United States, he did so illegally and that he was committing a crime. (Doc. 23 at 27-28). As such, Movant admitted that he committed the crime of illegal re-entry into the United States after he was deported following his conviction of an aggravated felony and therefore admitted the facts supporting the offense level assigned to him.[4] Thus, Movant cannot establish that

---

[4] In his "supplement" to the motion to vacate [Doc. 26], Movant claimed that counsel should have challenged the Court's consideration of Movant's drug possession and firearm convictions when setting Movant's offense level, because those convictions should be excluded as "relevant conduct." Movant's argument is misguided, as both 8 U.S.C. § 1326(b)(2) and USSG § 2L1.2(b)(1)(A) authorize the Court to consider the previous convictions that constituted the aggravated felony in deciding the penalty and offense level for a person convicted of illegal re-entry into the United States by an aggravated felon.

To the extent that Movant argues that his previous convictions should have been set forth in the indictment, that argument also is without merit. *See*

10

counsel was ineffective for failing to challenge the offense level, or that he was prejudiced thereby. *See Burgess*, 357 F. App'x at 212; *Freeman*, 536 F.3d at 1233; *Lockhart*, 506 U.S. at 374 (O'Connor, J., concurring); *Winfield*, 960 F.2d at 974.

Movant similarly cannot demonstrate that counsel was ineffective for failing to convince the Court to "vary downward." First, counsel did, in fact, argue that the Court should exercise its discretion to vary downward because the properly applied guideline range produced an unfair and unjustified result. (Doc. 24 at 4-8, 19-20).[5] Other conclusorily arguing that counsel should have convinced the Court

---

*Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998) (holding that the factual issue of whether a defendant has been convicted of an aggravated felony for enhancement purposes under 8 U.S.C. § 1326(g)(2) is not required to be alleged in the indictment); *United States v. Molina-Garcia*, 405 F. App'x 393, 394 (11th Cir. 2010) (stating that although the decisions by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny have cast doubt on the reasoning of *Almendarez-Torres*, it remains binding precedent), *cert. denied*, __ U.S. __, 131 S. Ct. 2981 (June 6, 2011). *See also United States v. Gallegos-Aguero*, 409 F.3d 1274, 1276 (11th Cir. 2005) ("[p]ost-*Booker*, this Court has reaffirmed that there is no Sixth Amendment violation when a district court enhances a sentence based on prior convictions, including those specified in § 2L1.2(b)(1)(A).").

[5] Counsel also argued that the Court should consider giving Movant credit for two months and seventeen days since the BOP would not provide him with that credit for time served. (Doc. 24 at 8-10). The Court took this argument into account and imposed a forty-eight month sentence as opposed to the top-end

11

to depart downward, Movant does not specify an alternative basis for any such argument. Since Movant admitted the facts supporting the guideline offense level, it is not clear that counsel had any other basis to request a downward departure. Thus, Movant has not demonstrated that counsel was ineffective for failing to convince the Court of a downward departure. Moreover, as the Court was adamant that a below-guideline sentence would not serve as a deterrent for people like Movant who "don't get the message," (Doc. 24 at 22-24), Movant has not demonstrated prejudice, that is, that counsel would have convinced the Court to lessen Movant's sentence by some unknown alternative argument for a downward departure.

Finally, with regard to Movant's argument that counsel was ineffective for failing to explain or read the PSR to Movant, he appears to complain that his attorney misinformed him about the elements of the offense and that the Court did not describe the elements of the charge against him. (Doc. 26 at 2).[6] Movant is not

---

guideline sentence of fifty-one months that the Government requested. (*Id.* at 27).

[6] Movant also claims that he does not understand English and therefore he signed the PSR without any knowledge of its contents. (Doc. 26 at 1). Movant's claim, however, is not credible, as during the plea proceedings he was provided with a court-appointed interpreter, appeared to understand the entire plea colloquy, and told the Court under oath that he understood everything that the Court had

12

entitled to relief with regard to any of these claims, as his claims are in direct conflict with his sworn statements during the plea hearing.

There is a strong presumption that statements made during the plea colloquy are true. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Anderson*, 384 F. App'x 863, 865 (11th Cir. 2010) ("There is a strong presumption that statements made during a plea colloquy are true."); *accord, United States v. Munguia-Ramirez*, 267 F. App'x 894, 897 (11th Cir. 2008)*; Patel*, 252 F. App'x at 974. Where a Movant's claim of ineffective assistance of counsel is in direct conflict with his statements under oath, he has a strong burden to show that his statements under oath were false. *Patel*, 252 F. App'x at 974-75. Movant, however, has not met this burden.

Indeed, Movant affirmatively expressed to the Court during the plea hearing that he understood the elements of the offense to which he was pleading. (Doc. 23 at 16-17). During the plea colloquy, counsel for the Government reviewed each individual element with Movant. (*Id.* at 17-18). Moreover, Movant represented to the Court not only that he had seen the charge against him and that counsel had explained to him. (*See, e.g.*, Doc. 23 at 28).

13

explained what elements the Government needed to prove in order to obtain a conviction, but also that he had enough time to think about his decision to plead guilty and discuss it with counsel and was satisfied with counsel's representation. (*Id.* at 16-18). Despite his present self-serving statements to the contrary, he has not produced any evidence to challenge the veracity of his sworn testimony. Given this sworn testimony, it is manifestly clear from the record that Movant fully understood the elements of the crime to which he entered a guilty plea, and this claim of ineffective assistance of counsel fails.[7] *See*, *e.g.*, *Neyor v. United States*, Nos. 1:04-CR-0010-RWS, 1:05-CV-2163-RWS, 2007 WL 4287673, at *2-3 (N.D. Ga. Dec. 4, 2007) (rejecting movant's claim that his plea was unlawfully induced based on his lawyer's failure to review the elements of the crime with him, as during the plea colloquy the court reviewed each individual element of the offense with him, and his claim directly conflicted with his affirmative representations to

---

[7] Movant also complains that counsel and/or the Court failed to discuss with him the difference between the crimes of illegal entry in violation of 8 U.S.C. § 1325 and illegal re-entry after deportation in violation of 8 U.S.C. § 1326. (Doc. 26 at 2). Movant has cited to no authority that would require his attorney and/or the Court to discuss any such difference, and, as discussed above, Movant was charged with the latter offense and it is clear from the record that he understood the elements of the crime to which he was entering a guilty plea.

14

the court during the plea colloquy that he understood the elements of the offense and that his counsel advised him as to the specifics of the indictment).

Accordingly, Movant is not entitled to relief with regard to any of these ineffective assistance of counsel claims.

### 2. Movant's Sentencing Claim is Procedurally Defaulted.

In Movant's final ground for relief, he argues that his sentence exceeds the maximum sentence allowed for his crimes. (Doc. 1 at 8). Generally, a movant must advance an available challenge to his conviction on direct appeal, or else the Court must consider the challenge procedurally barred in a § 2255 proceeding. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). In order to demonstrate cause, a movant must show either that his counsel's assistance was so ineffective that it violated his Sixth Amendment right to counsel or "that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural

15

rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "To establish 'prejudice,' a [movant] must show that there is at least a reasonable probability that the result of the proceeding would have been different" had he presented his defaulted claim. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). *See Lynn*, 365 F.3d at 1235 n.21 (noting that the "cause and prejudice" standard for a § 2255 motion "mirrors the standard used to evaluate collateral attacks on state convictions."). "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Lynn*, 365 F.3d at 1234-35 (citations omitted).

Movant never raised this claim on appeal, and he does not attempt to demonstrate either of the exceptions to the procedural default rule. Thus, Movant's sentencing claim is procedurally defaulted and cannot be considered on the merits.[8]

---

[8] Even if Movant had not withdrawn his claim that appellate counsel was ineffective for failing to file an appeal and this Court could construe that claim as alleging cause for the procedural default, Movant cannot demonstrate prejudice because the forty-eight month sentence is well below the statutory maximum of twenty years for his conviction. *See* 8 U.S.C. § 1326(b)(2). Thus, Movant cannot demonstrate that he would have succeeded on appeal had his attorney raised the claim that his sentence exceeded the maximum penalty, and accordingly, any

16

B. <u>Ineffective Assistance of Counsel Claim with Regard to Appeal</u>

As discussed previously in Section I., Movant knowingly and voluntarily withdrew his request for an out-of-time appeal based on this claim. (Docs. 38-41). This claim therefore should be denied.

IV. <u>Conclusion</u>

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Order granting an out-of-time appeal [Doc. 37] be **VACATED** and that Movant Emilio Garcia-Alvarez's motion to vacate sentence [Doc. 21] be **DENIED WITH PREJUDICE**.

---

alleged ineffective assistance of counsel on appeal does not excuse the procedural default of this claim.

## V. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*

18

*v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion of Movant's claims, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant did not demonstrate ineffective assistance of counsel or that hisسentencing claim is procedurally barred. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 29th day of November, 2012.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

19