IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EMILIO GARCIA-ALVAREZ,<br><br>　　　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | CRIMINAL ACTION NO.<br>1:10-cr-459-WSD-JSA<br><br><br>CIVIL ACTION NO.<br>1:11-cv-3201-WSD-JSA |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [43].[1]

**I.　BACKGROUND**[2]

On January 3, 2011, Movant entered a non-negotiated plea of guilty to illegally re-entering into the United States as an aggravated felon. (R&R at 1-2). On March 8, 2011, Movant was sentenced to forty-eight (48) months

---

[1] All citations to the record in this Order are to criminal action number 1:10-cr-459-WSD-JSA.
[2] The parties have not objected to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

imprisonment. (Id. at 2). Movant did not file a direct appeal to the Eleventh Circuit Court of Appeals. (Id.).

On September 14, 2011, Movant filed his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("Section 2255 Motion") [21]. Movant asserts that the sentence imposed upon him exceeds the maximum sentence allowed and that his counsel was constitutionally ineffective in her representation of him. (Id. at 2-3).

On August 15, 2012, the Court conducted "an evidentiary hearing on the limited issues of whether counsel was ineffective for failing to file an appeal on Movant's behalf and for failing to pursue a potentially meritorious challenge to the calculation of Movant's criminal history score." (Id. at 2 n.1, 3). Movant and his former counsel testified at the hearing, and Movant withdrew his claim that his counsel was ineffective for not challenging the calculation of Movant's criminal history score. (Id.).

On October 22, 2012, following the evidentiary hearing, the Court, pursuant to United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000), determined that Movant should be provided an opportunity to file an appeal of his sentence. (Id. at 4). The Court granted Movant an out-of-time appeal, vacated and reimposed Movant's sentence with credit for time served, and dismissed his remaining

Section 2255 claims without prejudice to being raised again on appeal or following an appeal.  (Id.).

On November 5, 2012, Movant filed his "Motion to Withdraw Request for Out-of-Time Appeal and Request to Reimpose Sentence and Return to Custody of BOP" [38].

On November 15, 2012, the Magistrate Judge held an evidentiary hearing to determine whether Movant's request to forego his appeal and reimpose his sentence was made knowingly and voluntarily.  (Id.).  Movant, his counsel, and an interpreter attended the hearing, and Movant informed the Court that he desired to forego his appeal.  (Id.).

On November 29, 2012, the Magistrate Judge recommended that the Court's Order of October 22, 2012, be vacated and issued his R&R addressing the claims in Movant's Section 2255 Motion.  (Id. at 4-17).  The Magistrate Judge recommended that Movant's Section 2255 Motion be dismissed because his ineffective assistance of counsel claims are without merit and his claim that the sentence imposed exceeds the maximum allowed is procedurally defaulted.  (Id. at 6).  The Magistrate Judge also recommended that a certificate of appealability be denied.  (Id. at 18-19).  Movant did not file objections to the R&R.

## II.  DISCUSSION

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  No objections to the R&R were filed and the Court thus conducts a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

The Court has carefully reviewed the R&R and finds no plain error in the findings and recommendations of the Magistrate Judge.  The Court agrees with the Magistrate Judge's conclusion that this action is required to be dismissed because his ineffective assistance of counsel claims are without merit and his claim that the sentence imposed exceeds the maximum allowed is procedurally defaulted.  The Court also agrees that a certificate of appealability should be denied.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [43] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant's Section 2255 Motion [21] is **DISMISSED**.

**IT IS FURTHER ORDERED** that Movant is **DENIED** a certificate of appealability.

**SO ORDERED** this 20th day of March, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE